IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| ALLISON S. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.:   6:16-cv-162-JRH-GRS |
| Vs. | ) | |
| | ) | |
| DAVID EMANUEL ACADEMY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR RELIEF UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

COMES NOW Allison S. Phillips, "Ms. Phillips," Plaintiff in the above-styled civil action, and files this Complaint for Relief under Title VII of the Civil Rights Act of 1964 against Defendant David Emanuel Academy, Inc., respectfully showing this Honorable Court the following:

**I. PARTIES**

1.

Plaintiff Allison Phillips ("Ms. Phillips") is an African American female, who resides in Emanuel County, Georgia.  Ms. Phillips was employed by Defendant David Emanuel Academy, Inc., as a physical education teacher, coach, and assistant athletic director from approximately 2007 until 2016.

2.

Defendant David Emanuel Academy, Inc. ("DEA") is a private, pre-kindergarten through twelfth grade, secular school located in Emanuel County, Georgia. Defendant DEA is engaged in an industry affecting commerce and has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. DEA can be served

1

with process of this civil action by personally serving DEA's registered agent, Martha Collins, with a copy of the Complaint and Summons at 602 North 4th Street, Emanuel County, Stillmore, GA, 30464.

## II. JURISDICTION

3.

This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Plaintiff specifically reserves the right to amend this Complaint with additional related federal and state law claims.

4.

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e-5(f).

5.

Plaintiff received two separate right-to-sue letters issued by the Equal Employment Opportunity Commission (EEOC) within 90 days of the filing of this Complaint. True and accurate copies of which are attached hereto as Exhibit 1, based upon a charge affidavit timely filed with both the EEOC, a true and accurate copy of which is attached hereto as Exhibit 2.

6.

Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

7.

Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k) and Fed R Civ P 54.

## III. VENUE

8.

This action properly lies in the Southern District of Georgia, Statesboro Division, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## IV. PRELIMINARY STATEMENT

9.

This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the race discrimination suffered by Plaintiff in her discharge by Defendant.

## V. FACTS

10.

Petitioner Ms. Phillips has a Bachelor of Arts in General Studies from Brewton Parker College and a Master of Arts in Christian Studies with an emphasis in Youth Ministry from Grand Canyon University. Additionally, Ms. Phillips has an extensive background in coaching and competitive athletics, due to her own personal experiences as a standout high school athlete who received a full track athletic scholarship to Albany State University in 1985, and due to her coaching experiences for middle school and high school athletic teams at Swainsboro High School and David Emanuel Academy.

11.

Ms. Phillips was hired by Defendant DEA in 2007 and worked there until approximately May 31, 2016. When she was hired in 2007, Ms. Phillips was told that she was the first African-

American employee that DEA had ever hired. Upon information and belief, Ms. Phillips was the only African-American employed by DEA when she was terminated in May 2016.

12.

Mr. Emeriel ("Em") C. Hubbard became the Head of School/Headmaster of DEA in approximately 2013-2014, but announced in the fall of 2016 that he would be leaving DEA.

13.

Hubbard is employed by Defendant DEA as Headmaster and is empowered to make final decisions regarding the employment of physical education teachers, coaches, and assistant athletic directors.

**DISCRIMINATORY TREATMENT REGARDING PAY**

14.

While working for DEA, Ms. Phillips coached various middle school and high school athletic teams, taught physical education classes to students, served as an assistant athletic director, and, at times, even worked with special education students at the school, among various other duties. Besides the sports that she coached herself, she worked all home baseball games and football games, and she worked all home and away varsity and middle school softball games.

15.

Ms. Phillips accompanied the DEA athletic teams that she coached to various meets and games that were out of town, which required her to travel extensively on weeknights and weekends. She was required to drive her own car, supply her own gas, and to pay for her own food to get to and from the games and meets for teams she coached in addition to the away games that she worked for teams that she didn't coach, like softball.

16.

In the Summer of 2014, Mr. Hubbard directed Ms. Phillips to have her girls' basketball team attend a camp in Americus, Georgia. Ms. Phillips was to receive a $25 stipend for each of the 10 students she brought to the camp that would cover her expenses to travel and attend the camp with her team. Mr. Hubbard told Ms. Phillips that she could not take her $250 stipend because DEA needed the money. So, Ms. Phillips took the girls' basketball team to the camp in Americus and paid her own expenses.

17.

During the 2015-2016 school year, Ms. Phillips learned that she was the only DEA coach who was not being paid to coach all of the teams that she had been assigned to coach. Specifically, Ms. Phillips was not being paid to coach the middle school basketball team, middle school girls' track team, or the C-Team and she was also not being paid to work any of the games/meets for the teams that she didn't coach. Additionally, she learned that the bus drivers and clock keepers for her basketball team's games were being paid between $8-$10 per hour for their time spent working the same games and meets that she was working. These coaches, bus drivers, and clock-keepers were on contract with DEA, just like she was, but they were being paid for their time spent working after school and she was not.

18.

After learning that she was the only coach not being paid for her work with all of her teams, and that everyone, including the bus drivers and clock-keepers were being paid for the time they spent working after school with the various teams, she approached DEA's Athletic Director, Clint Inman, and asked to be paid and treated equally with everyone else who was similarly situated.

19.

Ms. Phillips also brought her concerns about her compensation to a member of the Board of Trustees for DEA, Kevin Griner, who she knew through her association with DEA. Griner said he would look into it.

20.

Griner later told her that he had learned that the coaching positions for every varsity team and every middle school team were paid positions, with the exception of track….the teams that Ms. Phillips coached. He encouraged Ms. Phillips to come to the Board of Trustees meeting and to let the Board know about her concerns.

21.

Ms. Phillips attended a Board meeting in spring 2016 to express her concerns and desire to be paid and treated equally. Hubbard also attended this meeting. In discussing the pay disparity, Hubbard stated that Ms. Phillips was hired to teach physical education classes, not to coach, and that the teams she coached were not "revenue generators."

22.

To the best of Ms. Phillips's knowledge, no action to resolve her concerns was taken by the Board at that meeting or in subsequent meetings.

23.

Shortly thereafter, on March 29, 2016, Mr. Hubbard sent Ms. Phillips a memo stating that Inman had informed him of Ms. Phillips's request to be paid for middle school track, and that "[w]hile I consider working with this small group of student-athletes to be a reasonable expectation for you to do under your defined job descriptions as a middle school physical education teacher,

varsity track coach, and assistant athletic director, I will accept Mr. Inman's recommendation for a small additional stipend." *See* Ex. 3- March 29, 2016 memo.

24.

Mr. Hubbard approved a $150 stipend and $.50 per mile reimbursement rate for mileage for Ms. Phillips; however, she learned that this stipend amount was far less than what other coaches were being paid.

**RETALIATION/HOSTILE WORK ENVIRONMENT**

25.

Mr. Hubbard also treated Ms. Phillips and the girls that she coached with contempt. In January 2016, DEA's girls' basketball team played Memorial Day School in Stillmore. Ms. Phillips was able to play all of the team's member, not just the starters, and DEA still beat Memorial by a 30- point margin. The next day, Mr. Hubbard told Ms. Phillips that she and her team were disrespectful to Memorial by scoring so many points against them. He told her that he had written an apology letter to Memorial Day School.

26.

About this time, Mr. Hubbard also began attending the girls' basketball team's practices with his son, Oliver, a college student. They began sitting behind the girls while they practiced and were openly laughing and whispering to each other, which made the girls on the team tell Ms. Phillips that they felt uncomfortable with Mr. Hubbard and his son there. Ms. Phillips felt that Hubbard and his son were trying to make her team of girls feel uncomfortable and openly question why they were there in an effort to intimidate Ms. Phillips.

7

27.

In February 2016, Ms. Phillips's girls' basketball team played Twiggs Academy in Jeffersonville. Mr. Hubbard was present in the gym at the game. The game got intense and Twiggs Academy fans became angry. A Twiggs fan leaned over the rail, made racial slurs, and then spit tobacco on Ms. Phillips, her assistant, and the girls on the team.

28.

The referees stopped the game for approximately 10 minutes, while the Twiggs fan was escorted outside, all the while he continued to make racial slurs and shouted that it was not an accident, he had INTENDED to spit on Ms. Phillips and her team. One of the parents of a member of DEA's team became enraged and confronted the man. Ms. Phillips and the team were given towels to clean themselves and the floor up with. Mr. Hubbard was present at the game, but did nothing to assist Ms. Phillips. Later, Ms. Phillips told Clint Inman, but nothing was ever done by DEA's administration to support Ms. Phillips or the girls on the team.

29.

Ms. Phillips was humiliated in front of her all-white team of students because she felt that the confrontation with the Twiggs Academy fan occurred due to her being African-American. Her humiliation was compounded because her school principal did nothing to help her and her team, even though he was present when the conduct occurred.

30.

She recalled that one month before, Hubbard had written a letter to Memorial Day school apologizing because Ms. Phillips and her team had won the game by too many points, which he considered "disrespectful." However, when a fan from another school targeted Ms. Phillips with racial epithets and spit tobacco onto her and her team in the middle of the game, for which he was

present, Hubbard did nothing to help her or the girls on the team when the shameful incident occurred or later. Not even writing a letter.

31.

Later that spring, Hubbard told Ms. Phillips that she could not attend a meeting for all basketball coaches in their region. This was an annual meeting that took place each spring where the coaches in the region would get together to nominate players for region. She had always attended this meeting before. No reason was given for her not being able to attend.

32.

Instead, Hubbard told her to submit the names of the girls on her team that she wanted to nominate for region to Clint Inman, DEA's Athletic Director, because Inman was going to attend in her place. Ms. Phillips complied with Hubbard's request, but she was humiliated. Ms. Phillips felt that Hubbard was embarrassed for an African-American to represent DEA. She also felt intimidated by Hubbard, because she felt that he was letting her know that he could humiliate her however he wanted in front of her colleagues and students, and if she wanted to keep her job, there was nothing she could do and no one who would stop him. Not even the Board of Trustees.

33.

Hubbard began excessive observation of Ms. Phillips while teaching and coaching, including staring at her through her door. Far from being a routine part of an employment-related review, Ms. Phillips felt intimidated. Hubbard also began to denigrate her in front of her colleagues, her students, and others.

34.

In April 2016, Ms. Phillips learned that other employees had been receiving their contracts for the 2016-2017 school year. Ms. Phillips told the Athletic Director that she wanted to be paid

to coach all of the teams that she had been coaching, just like all of the other coaches, or else she would not continue to coach afterschool sports if she had to do so at her own expense.

35.

Shortly thereafter, without any prior notice, Hubbard announced to DEA students and parents during an athletic awards program that Ms. Phillips was stepping down as coach and that his son, Oliver Hubbard, would be taking over her coaching duties.

36.

Stunned, Ms. Phillips sent Hubbard an email on April 26, 2016, asking when she could expect to receive her contract. *See* Ex. 4.

37.

Later that same day, Ms. Phillips received a memo in her box that had been erroneously dated April 25, 2016. The memo was from Hubbard and stated that enrollment numbers were down for Pre-K 3 and Pre-K 4 classes for the next school year, and that since the majority of her duties was to serve as a "teacher aide," he could not offer her a contract for the 2016-2017 school year. He told her that one other teacher aide who worked with that group had been advised that she could not be ensured of employment for the next year. *See* Ex. 5- April 25, 2016 Memo.

38.

Hubbard's memo stated that if she wanted to be considered in the future for a job with DEA that she needed to furnish him with a college transcript so that he could determine what, if anything, she might be qualified to do at DEA.

39.

Hubbard also told Ms. Phillips that the number of sports and physical education classes that DEA offered would be reduced as well.

40.

Ms. Phillips later learned that the other teacher aide Hubbard had mentioned kept her job at DEA. Further, none of the sports or physical education classes were reduced. In fact, Hubbard's son, Oliver Hubbard, had taken Ms. Phillips's place. *See* Ex. 6- Screenshot of DEA website.

41.

Hubbard's statement that he needed to review her college transcript to see what else she would be competent to do, if anything, was a ruse because he filled one of Ms. Phillips's coaching positions with his own son, and her remaining coaching positions were left unfilled.

42.

Indeed, on May 26, 2016, before the school year was even over, Hubbard sent an email to students and their parents announcing that his son Oliver would be the new DEA Varsity Girls Head Basketball Coach, which had been Ms. Phillips's job. *See* Ex. 7. Upon information and belief, Oliver Hubbard had not yet graduated from college or had graduated the same month he was announced as the new DEA Varsity Girls Head Basketball Coach.

43.

Ms. Phillips timely filed a racial discrimination charge with the EEOC regarding the disparate treatment she had received regarding how she was paid for her job duties compared to DEA's Caucasian employees. She later filed a second charge with the EEOC regarding retaliation against her due to her race.

44.

The EEOC issued her two separate right to sue letters in late August 2016 and she is filing this Complaint within 90 days of her receipt of said letters.

## COUNT 1- RACIAL DISCRIMINATION

45.

Plaintiff herein realleges and reincorporates the allegations above-stated in her Complaint as if said allegations had been set forth fully herein.

46.

Plaintiff Allison Phillips is a member of a protected class as she is an African American female.

47.

Defendant DEA is an employer subject to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

48.

Mr. Emeriel Hubbard is employed by Defendant DEA as Headmaster and is empowered to make final decisions regarding the employment of physical education teachers, coaches, and assistant athletic directors.

49.

By and through Ms. Phillips's supervisor, DEA Headmaster Hubbard, Defendant DEA unlawfully discriminated against Ms. Phillips due to her race by discriminating against her with respect to her compensation as a coach and assistant athletic director.

50.

By and through Ms. Phillips's supervisor, DEA Headmaster Hubbard, Defendant DEA unlawfully discriminated against Ms. Phillips due to her race by discharging and/or constructively discharging Ms. Phillips from employment due to her race.

51.

By and through Ms. Phillips's supervisor, DEA Headmaster Hubbard, Defendant DEA unlawfully discriminated against Ms. Phillips due to her race by discriminating against her with respect to the terms and conditions of her employment through the creation of a hostile work environment.

## COUNT 2- RETALIATION

52.

Plaintiff herein realleges and reincorporates the allegations above-stated in her Complaint as if said allegations had been set forth fully herein.

53.

Plaintiff Allison Phillips is a member of a protected class as she is an African American female.

54.

Defendant DEA is an employer subject to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.

55.

Mr. Emeriel Hubbard is employed by Defendant DEA as Headmaster and is empowered to make final decisions regarding the employment of physical education teachers, coaches, and assistant athletic directors.

56.

By and through Ms. Phillips's supervisor, DEA Headmaster Hubbard, Defendant DEA unlawfully retaliated against Ms. Phillips for filing a charge with the EEOC that she was being

racially discriminated against by discharging and/or constructively discharging Ms. Phillips from her employment with DEA due to her race.

57.

By and through Ms. Phillips's supervisor, DEA Headmaster Hubbard, Defendant DEA unlawfully retaliated against Ms. Phillips for filing a charge with the EEOC regarding the racial discrimination she was experiencing. DEA retaliated against Ms. Phillips by discriminating against her through the creation of a hostile work environment.

## COUNT 3- ATTORNEYS' FEES

58.

Plaintiff herein realleges and reincorporates the allegations above-stated in her Complaint as if said allegations had been set forth fully herein.

59.

As Plaintiff has outlined a claim for relief under Title VII, she is entitled to recover costs and attorney's fees, pursuant to 42 U.S.C. § 2000e-5(k) and Fed R Civ P 54.

WHEREFORE, PLAINTIFF ALLISON S. PHILLIPS PRAYS:

A.     That process issue and be served upon Defendant;

B.     Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

C.     Enjoin Defendant from engaging in such conduct;

D.     Restore Plaintiff to her rightful place as physical education teacher, assistant athletic director, and coach, or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement in excess of $1,000,000.00;

14

E.      Award Plaintiff equitable relief of back salary and fringe benefits up to the date of

        reinstatement and prejudgment interest for that entire period, or front salary and

        benefits accrual, in an amount to be determined at trial;

F.      Award Plaintiff costs and attorney's fees;

G.      Order a trial by jury; and

H.      Grant such other relief as it may deem just and proper.

This 30th day of November, 2016.

                                    EDENFIELD, COX, BRUCE & CLASSENS, P.C.


                                    /s/ V. Sharon Edenfield
                                    V. SHARON EDENFIELD
                                    State Bar No.  141646

115 Savannah Ave
Post Office Box 1700
Statesboro, GA  30459
(912) 764-8600
(912) 764-8862 Facsimile
sharri@edenfieldlaw.com

Attorney for Plaintiff,
Allison S. Phillips

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Allison S. Phillips | David Emanuel Academy, Inc. |

| (b)  County of Residence of First Listed Plaintiff   Emanuel County, GA | County of Residence of First Listed Defendant   Emanuel County, GA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| V. Sharon Edenfield, Edenfield, Cox, Bruce, Classens, P.C., P.O. Box 1700, Statesboro, GA 30459; (912) 764-8600 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et. seq.

Brief description of cause:
Racial discrimination and retaliation claims against employer

## VII.  REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/30/2016 | /s/ V. Sharon Edenfield |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**     **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
        United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
        United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
        Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
        Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**     **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**     **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.**  Place an "X" in one of the six boxes.
        Original Proceedings.  (1) Cases which originate in the United States district courts.
        Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
        When the petition for removal is granted, check this box.
        Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
        Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
        Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
        Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**     **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
        Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
        Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## *Southern District of Georgia*

Allison S. Phillips

**SUMMONS IN A CIVIL CASE**

V.

David Emanuel Academy, Inc.

CASE NUMBER:

TO: (Name and address of Defendant)

David Emanuel Academy, Inc.
c/o Martha Collins, Registered Agent
602 North 4th Street
Stillmore, GA 30464

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

V. Sharon Edenfield

Edenfield, Cox, Bruce & Classens, P.C.

P.O. Box 1700

Statesboro, GA 30459

an answer to the complaint which is served on you with this summons, within _____21_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

Scott L. Poff
_____          _____
CLERK                                            DATE

_____
(By) DEPUTY CLERK

GAS Rev 1/31/02

✎AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                Date              *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

GAS Rev 1/31/02