IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ALLISON S. PHILLIPS,<br><br>        Plaintiff,<br>v.<br><br>DAVID EMANUEL ACADEMY, INC.,<br><br>        Defendant. | CAFN: 6:16-cv-162-JRH-GRS |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS IN LIEU OF ANSWER

COMES NOW David Emanuel Academy ("Defendant DEA"), Defendant in the above captioned lawsuit, and hereby files this, its Reply Brief in Support of its Motion to Dismiss, in lieu of an Answer, respectfully showing this Honorable Court as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Allison S. Phillips ("Plaintiff" or "Plaintiff Phillips") claims for race discrimination and retaliation (pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.)* are very clearly time-barred in that she failed to file her lawsuit within ninety days of receipt of her right-to-sue letters. In opposing DEA's Motion, Plaintiff offers nothing to this Court other than rhetoric and unsupported factual arguments without citation to a single shred of admissible evidence.[1]

---

[1] In fact, the entirety of Plaintiff's arguments are in violation of this Court's Local Rule 7.1(b) which provides in pertinent part, "[e]very factual assertion in a motion,

Looking at the *face* of the Complaint alone, in conjunction with the established law (which presumes service of the right-to-sue letters within three days of the letter's stated dates), Plaintiff Phillips' Complaint was not timely filed.

Plaintiff essentially makes two arguments, neither of which change the outcome of the instant Motion. First, Plaintiff argues that she actually filed her lawsuit on November 30, 2016. However, the copy of the Complaint which was served on DEA in fact shows a filing date of December 1, 2016. *See Exhibit 1 attached hereto.* Even assuming for the sake of argument a filing date of November 30, 2016, applying the three-day mail rule to the receipt date of Plaintiff's right-to-sue letters still shows that the Complaint was not filed within 90 days of receipt of each letter.

Namely, the three-day mail rule applied to both the August 24, 2016 and August 25, 2016 letters shows a weekend receipt date (a Saturday and a Sunday). Thus, both letters are presumed to be received no later than Monday, August 29, 2016. Counting forward ninety days, as required by 42 U.S.C. §2000e-5(f)(1) from the presumed receipt date of August 29, 2016, shows that Plaintiffs Complaint was due for filing no later than Monday, **November 28, 2016** (the actual 90 days runs on

---

response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion." Plaintiff cites to nothing at all and rather asks this Court take her factual arguments as evidence.

a Sunday). Plaintiffs Complaint is still time barred even with a filing date of November 30, 2016.

## I. Plaintiff fails to Rebut the Three-Day Mail Rule or Otherwise Prove that Her Filing Was Timely

Plaintiff's counsel asks this Court to take at face value her bald contention she properly calendared the deadline to file her Complaint when her client visited her office on the same day that she received the right-to-sue letters. However, Plaintiff is admittedly unable to identify that date. Such self-serving assertions are insufficient to call into question the deadlines as set forth in DEA's initial moving Brief and herein. Simply stated, Plaintiff admits *in judicio* that she is unable to and never will be able to determine what date she received the right-to-sue letters. [Doc. 11, p.2]. Under the circumstances, the law is crystal clear that "[when a plaintiff does not assert that he or she received the right-to-sue letter ***on a specific date***, the Court presumes the plaintiff received the letter three days after it was mailed, which clearly is an estimation of how long the letter may have taken to reach the specified address." *Marshall v. Eadison*, 2005 WL 3132352 (M.D. Ga. Nov. 22, 2005) (emphasis added) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)).

Plaintiff attempts to rebut the three-day mail rule by pointing to an unauthenticated article regarding the mail from Savannah being re-routed and again arguing in a bald assertion that it "takes more than three days to reach Statesboro"[.]

-3-

[*Id.*, p2]. This argumentative statement does not comply with the law or this Court's Local Rule 7.1(b). *Sherlock v. Montefiore Medical Centerm* 84 F.3d 522, 526 (2nd Cir. 1996). It is insufficient to rebut the presumed three day mail rule. *Id.* Simply because Savannah's mail (the article does not speak of Statesboro) is diverted to Macon (an hour and a half drive to Statesboro), Jacksonville (a two hour drive to Statesboro), or Charleston (a two hour drive to Statesboro) does not prove that the mail takes more than three days to arrive in Statesboro. Variations in mail delivery times is the **_exact_** reason there is a recognized mail rule presumption.

## II. Plaintiff's Evidentiary Admission Establishes that Her Complaint was Not Timely.

In her Brief, Plaintiff again *argues* that she made a "scrivener's" error in advising the Superior Court of Emanuel County that she received her right-to-sue letter August 25, 2016. However, Plaintiff's prior pleading constitutes an evidentiary admission in this litigation as to the receipt of her first right-to-sue letter. *See e.g., Muhs v. River Rats, Inc.*, 486 F. Supp. 2d 1364 (S.D. Ga. 2008) ("A party's pleading in one case may generally be used as an evidentiary admission in other litigation.") (citing *McCormicks on Evidence, §257 (6th Ed. 2006)); Ussery et al. v. Allstate Fire and Casualty Insurance Co.*, 150 F. Supp.3d 1329 (M.D. Ga. 2015). Plaintiff's argument of "error" is insufficient to overcome her unwithdrawn evidentiary admission. Assuming a receipt date of August 25, 2016, Plaintiff's claim is time barred by her belated filing of the Complaint on either November 30, 2016

or December 1, 2016. With this admission, she should have filed her Complaint on November 23, 2016.

## CONCLUSION

As set forth herein and in DEA's initial moving Brief and herein, under any set of circumstances, Plaintiff's Complaint for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq,* is time-barred due to her failure to file her Complaint within 90 days of her receipt of the right-to-sue letters from the EEOC. As such, Defendant DEA respectfully requests that this Court grant its Motion to Dismiss.

This 9th day of May, 2017.

Respectfully submitted,

DERMER APPEL RUDER, LLC

/s/*Kim M. Ruder*
ADAM L APPEL
Georgia Bar No.020765
KIM M. RUDER
Georgia Bar No. 275326

*Attorney for Defendant*

6075 Corners Parkway, Suite 210
Peachtree Corners, GA 30092
Tel: (404) 881-3557
Fax: (404) 892-8886
kruder@darlawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2017, I electronically filed this ***Reply Brief in Support of Motion to Dismiss In Lieu of Answer*** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of said filing to the following attorney of record:

V. Sharon Edenfield
*Edenfield, Cox, Bruce & Classens, P.C.*
115 Savannah Ave.
P.O. Box 1700
Statesboro, GA  30459

This 9th day of May, 2017.

DERMER APPEL RUDER, LLC

/s/*Kim M. Ruder*
ADAM L APPEL
Georgia Bar No.020765
KIM M. RUDER
Georgia Bar No. 219267

*Attorney for Defendant*

6075 Corners Parkway, Suite 210
Peachtree Corners, GA 30092
Tel: (404) 881-3557
Fax: (404) 892-8886