IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ALLISON S. PHILLIPS,            *
                                *
    Plaintiff,                  *
                                *
    v.                          *    CV 616-162
                                *
DAVID EMANUEL ACADEMY, INC.,    *
                                *
    Defendant.                  *

**O R D E R**

Plaintiff Allison S. Phillips, through counsel, filed the captioned case alleging racial discrimination in her employment with Defendant David Emanuel Academy, Inc., as well as retaliatory discharge, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Presently before the Court is Defendant's motion to dismiss. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

**I. BACKGROUND**

In the spring of 2016, Plaintiff filed two charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"): one for racial discrimination based upon alleged disparate treatment in pay and one for

retaliatory discharge. (See Compl., Ex. 2, Doc. 4.) The EEOC issued and mailed a Notice of Right to Sue letter on the first charge on August 24, 2016. (See Compl., Ex. 1, Doc. 4.) The EEOC issued and mailed a Notice of Right to Sue letter on the second charge on August 25, 2016. (Id.)

Plaintiff filed this suit on November 30, 2016.[1] (Doc. 1.) Plaintiff does not allege when she received the "Right to Sue" letters. Rather, Paragraph 44 of the complaint states: "The EEOC issued [Plaintiff] two separate right to sue letters in late August 2016 and she is filing this Complaint within 90 days of her receipt of said letters." (Id., ¶ 44.)

On April 4, 2017, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff failed to timely file this case following the issuance of the Right to Sue letters.

## II. LEGAL STANDARD

A motion to dismiss does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it

---

[1] There appears to be some confusion about the date of filing because while the Court's docket reflects the "Date Filed" as November 30, 2016, the text of the docket entry for the complaint states that it was "Entered" on December 1, 2016. The Court finds that for purposes of this motion, the complaint was filed on November 30, 2016. The "entry date" probably reflects the fact that the case file was not opened until the next day, December 1, 2016. As it turns out, the filing date discrepancy is of no importance.

2

tests the legal sufficiency of the complaint. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991).

## III. LEGAL ANALYSIS

Through its motion to dismiss, Defendant asserts that Plaintiff's claims should be dismissed because the complaint was untimely filed. A plaintiff must bring her Title VII claim within ninety (90) days after <u>receipt</u> of the Right to Sue letter related to the claim. 42 U.S.C. § 2000e-16(c). Compliance with the ninety-day requirement is a statutory precondition to suit that functions as a statute of limitations. See <u>Armstrong v. Martin Marietta Corp.</u>, 138 F.3d 1374 (11th Cir. 1998); <u>Patel v. Ga. Dep't of Behavorial Health & Developmental Disabilities</u>, 2012 WL 12891433, at *3 (N.D. Ga. May 25, 2012).

Here, Defendant has shown that the Right to Sue letters were mailed on August 24 and 25, 2016. The ninety-day period for filing suit began to run on the day the letters were received by Plaintiff. When the date of receipt by a plaintiff is unknown, there is a presumption in the law that the notice was received three days after its mailing. <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 148 n.1 (1984) (citing Fed. R. Civ. P. 6(e)); <u>Kerr v. McDonald's Corp.</u>, 427 F.3d 947, 953 n.9 (11th Cir. 2005); <u>see also</u> <u>Phillips v. City of Atlanta</u>, 2016 WL 5429668, at *8 (N.D. Ga. July 29, 2016). Thus, in this case, it is presumed that Plaintiff received the August 24th Right to Sue letter on August 27, 2016, and the

August 25th Right to Sue letter on August 28, 2016. However, because these days of receipt are on Saturday and Sunday, the date of receipt is deemed to be Monday, August 29, 2016. See Fed. R. Civ. P. 6(a)(1)(C). Upon this evidence, Plaintiff was required to file a complaint by November 28, 2016, ninety days after August 29, 2016. Plaintiff was required to file a complaint arising out of the second EEOC charge by November 28, 2016, ninety days after August 29, 2016.[2] Plaintiff, however, did not file this case until November 30, 2016. Accordingly, Defendant has carried its burden of establishing a statute of limitations defense.

Plaintiff attempts to rebut the three-day presumption of receipt in two ways. First, Plaintiff's counsel represents in brief, and not by way of affidavit, that she calendared the filing date for November 30, 2016, when Plaintiff came to her office "the same day that she received the Right to Sue letters in the mail." (Pl.'s Resp. to Mot. to Dismiss, at 2, Doc. 11.) Even if the Court credits counsel's unattested representation that she correctly calendared the filing date, the accuracy of that date is dependent upon a hearsay statement from her client that she received the Right to Sue

---

[2] The ninetieth day after August 29, 2016 falls on a Sunday, November 27, 2016. Thus, the deadline for filing this complaint is actually November 28, 2016. See Fed. R. Civ. P. 6(a)(1)(C).

5

letters on the very day that she visited her attorney's office. The lack of admissible evidence on this point is insufficient to rebut the presumption that Plaintiff received the Right to Sue letters three days after mailing.

Second, Plaintiff's counsel attaches an announcement from the United States Postal Service in 2012 that it was moving its Savannah mail processing operations to Jacksonville, Charleston and Macon. (Pl.'s Resp. to Mot. to Dismiss, Ex. 2.) Plaintiff's counsel then "affirms" in brief that mail deposited in Savannah routinely takes more than three days to reach Statesboro, presumably where Plaintiff would have received the Right to Sue letters. (See Pl.'s Resp. to Mot. to Dismiss, at 2.) This representation is speculative at best and therefore insufficient to rebut the three-day presumption. Moreover, the three-day mail rule was created to take into account the varying routes and delivery schedules of the United States Postal Service.

In short, there is no evidence of record to rebut the presumption that Plaintiff received the letters on August 29, 2016, and therefore, the complaint had to have been filed by November 28, 2016. Because Plaintiff did not file her complaint until November 30, 2016, it is untimely with respect to both EEOC charges. Cf. Norris v. Fla. Dep't of Health & Rehabilitative Servs., 730 F.2d 682 (11th Cir. 1984)

(dismissing a claim filed one day beyond the ninety-day period); <u>Wiley v. Johnson</u>, 436 F. Supp. 2d 91, 96 (D.D.C. 2006) ("Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day.").

### IV. CONCLUSION

Upon the foregoing, Defendant's motion to dismiss Plaintiff's complaint (doc. 8) is hereby **GRANTED**. The Clerk is directed to **CLOSE** this case and **ENTER JUDGMENT** in favor of Defendant.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of October, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA